IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARVIN D. BROWN, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-CV-1709-L |
| ) | |
| LORIE DAVIS, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges Respondent's decision to deny him release to mandatory supervision and parole.

Petitioner is currently serving a life sentence for attempted burglary of a habitation, cause number F-9225557-VH, Dallas County, Texas.

In this petition, he argues:

1.   The Separation of Powers Doctrine was violated;

2.   His due process rights were violated;

3.   He has been denied release on parole due to acts of bad faith;

4.   The state does not consider his good-time and work credits earned when

evaluating him for release to mandatory supervision or parole;

5. He has no right or means to appeal a Parole Board decision; and

6. He was subject to arbitrary and capricious decision-making on behalf of the state.

On September 17, 2015, Respondent filed his answer. On October 16, 2015, Petitioner filed a reply. The Court now finds the petition should be denied.

## II. Discussion

**1. Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the

facts of the prisoner's case. *Id*.

2. **Mandatory Supervision and Parole**

Petitioner claims Respondent has unlawfully denied him release to mandatory supervision and parole. Eligibility for mandatory supervised release is governed by the law in effect at the time the holding offense was committed. *Ex parte Thompson*, 173 S.W.3d 458, 458 (Tex. Crim. App. 2005). The law in effect at the time Petitioner committed his offense stated, "a prisoner who is not on parole shall be released to mandatory supervision by order of a parole panel when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." TEX. CODE CRIM. PROC. art. 42.18(c) (West 1991). A prisoner who is sentenced to life is not eligible for release to mandatory supervision because a life sentence does not have a maximum term or discharge date other than death. *Ex parte Franks*, 71 S.W.3d 327, 327 (Tex. Crim. App. 2001); *see also*, *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (per curiam) (same). Since Petitioner was sentenced to life, he is not entitled to release on mandatory supervision.

To the extent Petitioner argues he is entitled to release on parole, his claim is also without merit. Under Texas law, a prisoner does not have a liberty interest in parole or a constitutional expectancy of early release on parole. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.1997) (no liberty interest in parole in Texas); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997) (no right to be released on parole in Texas). Petitioner therefore fails to raise a constitutional violation regarding his parole claims. *See* 28 U.S.C. § 2254(a) (the court can entertain a habeas application only if it raises a "violation of the Constitution or laws or treaties of the United States.").

**3. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## III. Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 30th day of September, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).